Sucharevski v Bernal (2024 NY Slip Op 50405(U))

[*1]

Sucharevski v Bernal

2024 NY Slip Op 50405(U)

Decided on March 15, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-375 Q C

Frida Sucharevski, Respondent,
against
Diana L. Alvarez Bernal, Appellant, Alicia Alvarez and Jorge H. Bernal-Alvarez, Defendants. 

Diana L. Alvarez Bernal, appellant pro se.
Frida Sucharevski, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Ira R. Greenberg, J.), entered June 7, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $12,000 and dismissed defendant Diana L. Alvarez Bernal's counterclaim.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action against her former tenants to recover the principal sum of $15,000. In a previous nonpayment proceeding, plaintiff had sought to recover possession of the subject premises as well as unpaid rent totaling $13,100. All parties to the nonpayment proceeding appeared in court in that proceeding and entered into a so-ordered stipulation dated August 23, 2019 in which it was agreed that a final judgment of possession would be entered in favor of the petitioner; a warrant would be issued but stayed in order for the tenants to vacate the property by September 30, 2019; all outstanding arrears were waived; and, if the tenants failed to vacate the property by September 30, 2019, the petitioner would be given leave to seek a money judgment for all waived sums and any other sums which subsequently accrued. Plaintiff subsequently commenced the subject action seeking $15,000 for rent arrears, alleging that defendants failed to vacate the property by September 30, 2019 in accordance with the stipulation. Diana L. Alvarez Bernal was the only defendant who answered and she counterclaimed to recover $85,000 for discrimination and for pain and suffering, which sum she later reduced, by motion, to $25,000.
A nonjury trial was held on May 6, 2022, with both plaintiff and Diana L. Alvarez Bernal (defendant) appearing and testifying. In a decision after trial, the Civil Court found that plaintiff demonstrated her entitlement to recover $15,100, noting that there was no allegation of fraud or mistake regarding the stipulation. The court further found that defendant should be compensated $1,200 for utility payments and $1,900 for her security deposit, thereby crediting her $3,100 as offsets, resulting in a total award in favor of plaintiff of $12,000, plus interest from October 1, 2019. 
Defendant appeals, requesting that this court have "consideration" for her, taking into account her lack of employment due to a physical disability. She does not claim that she vacated prior to September 30, 2019, challenge the amount of rent owed or otherwise provide a basis to vacate the stipulation, or argue in favor of an award on her counterclaim. Under the circumstances, we find no legal basis to disturb the judgment.
Accordingly, the judgment is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 15, 2024